**Yan Zhen DONG, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales,\* United States Attorney General, Respondents.**

**Docket No. 03–40103.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2005.

---

\* Alberto Gonzales is substituted for John Ashcroft pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Appellant.

Paul J. McNulty, United States Attorney for the Eastern District of Virginia, Anita C. Snyder, Assistant United States Attorney, Alexandria, VA, for Appellees.

Present: WINTER, CALABRESI and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Yan Zhen Dong, a native and citizen of China, petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering her removed to China. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the factual findings of the IJ and the BIA under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (citation omitted). Here, because the BIA adopted most of the IJ's findings, we review the decision of the IJ, as modified by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

In order to be eligible for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal, a mandatory form of relief, an applicant must show that it is more likely than not that his or her life or freedom would be threatened based on one of the five categories for obtaining asylum. *See* 8 U.S.C. § 1231(b)(3); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). To obtain CAT relief, the applicant must show that he or she would more likely than not be tortured in the country of removal. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

Dong's airport interview bore sufficient indicia of reliability to entitle the IJ and BIA to rely on it in evaluating her asylum claim: the record transcribed, rather than merely summarizing, the questions and answers; it was conducted

through an interpreter; it was typewritten, signed by Dong, and initialed on each page; and Dong had an adequate opportunity to inform the interviewing officer why she feared returning to China and made no claim that she had been reluctant to speak frankly to the airport officer because of past interrogations in China. *See Ramsameachire,* 357 F.3d at 180–81. Because Dong's statements at her airport interview and her later claims presented "materially different accounts" of her alleged persecution and go to the heart of her asylum claim—that she had been forced to have an abortion—the rejection of her asylum claim, based in large part on the differences between these accounts, was supported by substantial evidence. *See id.* at 180 Furthermore, because Dong failed to establish entitlement to asylum, her application for withholding of removal was properly denied. *See Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004).

■ Although an IJ cannot ordinarily rely exclusively on an adverse credibility finding as a basis for denying CAT relief, *see Ramsameachire,* 357 F.3d at 185, in this case, Dong's counsel stated that he was relying only on her asylum testimony and the affidavit she submitted. Therefore, the IJ properly relied on her general credibility finding.

For the foregoing reasons, the petition for review is DENIED, and the stay of removal previously granted is VACATED.